******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROBINSON, C. J., with whom MULLINS, J., joins, concurring in the judgment. I agree with the majority's reversal of the trial court's custody and visitation order on the ground that it was an improper delegation of the court's judicial authority. Nevertheless, I write separately because I disagree with the majority's conclusion that a visitation order permitting a custodial parent even limited authority to suspend a minor child's visitation with a noncustodial parent is an improper delegation of the court's judicial authority. Instead, guided by the policy concerns raised by the amici curiae in this case, I conclude that a visitation order conferring very limited authority on a custodial parent to suspend visitation may be rendered in limited circumstances, namely, when (1) there is a demonstrated need to protect a child from the potential for physical, emotional, or psychological harm caused by the noncustodial parent, and (2) the order allows only for the cancellation of a particular scheduled visitation, but not for an indefinite suspension of that right. Given the trial court's finding in this case that the actions of the defendant mother, M. H., posed a risk of emotional or psychological harm to the parties' minor children, this case presents a paradigmatic example of one in which it would have been appropriate for the trial court to provide appropriately limited discretion over visitation to the plaintiff father, R. H. Because the trial court's order went too far by allowing the plaintiff to indefinitely suspend the defendant's visitation, however, I agree that the trial court's decision to grant the plaintiff's motion to modify custody should be reversed. Accordingly, I concur in the judgment.

At the outset, I agree with the majority's recitation of the statement of the facts, procedural history, and standard of review applicable to this appeal. I also agree with the majority's conclusion that the Appellate Court correctly concluded in *Lehane* v. *Murray*, 215 Conn.

App. 305, 309, 283 A.3d 62 (2022), that providing a custodial parent with the authority to alter, change, or modify an ordered visitation schedule is not an improper delegation of judicial authority, which renders *Lehane* distinguishable from the present case. I nonetheless object to the majority's directive that a trial court shall not provide a custodial parent with limited authority to suspend visitation.

Instead, I agree with the observations of the amicus curiae the Connecticut Bar Association (CBA) that allowing orders of this nature have numerous beneficial effects. In particular, I agree that an order providing a custodial parent with limited discretion to suspend a noncustodial parent's visitation assists in situations in which, without such an order, a custodial parent must choose between following an order that may put a child in a harmful situation and the risk of being found in contempt by the court for not following an order in an attempt to protect the child from harm. The CBA also suggests, and I agree, that a visitation order of this nature provides both parents with guidance as to acceptable behavior, thereby reducing concerns with respect to contempt of court.

Additionally, as the amici curiae Greater Hartford Legal Aid, Inc., Connecticut Legal Services, Inc., and New Haven Legal Assistance Association, Inc. (legal services providers) emphasize, I conclude that the availability of orders of this kind are particularly important in cases involving family violence. The legal services providers aptly observe that providing a custodial parent with some leeway in controlling visitation can offer a child the chance to connect with the noncustodial parent while still giving the custodial parent the ability to keep the child safe. Although there is no allegation of family violence with respect to the parties in the present case, the majority's broad holding may nonetheless have the negative effect of limiting the ability of trial courts in

future cases to protect children who have been or might be exposed to domestic violence. I would not decide this case in such a categorical manner.

Although I conclude that a custodial parent may be granted limited authority over a minor child's visitation with a noncustodial parent when there is a demonstrated need to protect the child from the potential for physical, emotional, or psychological harm caused by the noncustodial parent, the trial court's visitation order in this particular case went too far by allowing the plaintiff the authority to suspend the defendant's visitation with their son, R, *indefinitely*. Instead, such an order should preserve the authority of the court and minimize delegation concerns by allowing only for the cancellation of a particular, scheduled visitation, but not for an indefinite suspension. For example, if a custodial parent brings a child for a scheduled visitation with the noncustodial parent and observes that the noncustodial parent is intoxicated or is experiencing a mental health crisis that might result in the child being harmed physically, psychologically, or emotionally, a custodial parent could, depending on the language of the order, have the authority to cancel that visitation for the protection of the child, with emergency resort to the court being necessary to obtain any additional restrictions or modifications with respect to future visits. As this court has concluded previously, "it should be presumed that when primary physical custody was entrusted to the custodial parent, the court making that determination considered that parent to be the proper parent to make the day-to-day decisions affecting the welfare of the child." *Ireland* v. *Ireland*, 246 Conn. 413, 426, 717 A.2d 676 (1998). Such day-to-day decisions should include, in cases such as this one, whether a particular, scheduled visitation is safe for the child. Nevertheless, in the absence of judicial intervention, potentially on an emergency basis, the custodial parent would still have to make the

child available for the next scheduled visitation and to try again. In my view, such an order is akin to the order in *Lehane*, which uses the nomenclature of "schedul[-ing]," and which is not an improper delegation of judicial authority. See *Lehane* v. *Murray*, supra, 215 Conn. App. 314–15.

My conclusion finds support from courts in other jurisdictions[1] that have concluded that trial courts may, under certain circumstances, provide custodial parents with discretion over visitation to protect their children from situations that may cause the children harm. In *Wigginton* v. *Wigginton*, 692 N.W.2d 108 (N.D. 2005), for example, the trial court granted custody of the children to the mother and granted the father, who had abused methamphetamine, visitation at the mother's discretion. See id., 110–11. Although the North Dakota Supreme Court acknowledged that such orders are "highly unusual" and should not be "done lightly"; (internal quotation marks omitted) id., 112; it upheld the custody and visitation order in that case because there was a demonstrated need to protect the children from the father's drug use while taking advantage of the mother's willingness to foster a relationship between the children and their father. See id., 112–13. The court also emphasized that the father could seek to modify the visitation order if he felt he was being treated unfairly by the mother and once he had taken action to convince

---

[1] I note that the majority relies heavily on the reasoning of the Virginia Court of Appeals in *Rainey* v. *Rainey*, 74 Va. App. 359, 869 S.E.2d 66 (2022). In *Rainey*, the court held that the trial court had improperly delegated its authority when it ordered that the father have sole physical custody and granted him discretion to consent to supervised visitation between the mother and the children if he believed that the mother would not cause harm to the children. See id., 373, 386–87, 391. I, however, agree with Chief Judge Bright's concurring and dissenting opinion in the Appellate Court that "[s]uch reasoning 'ignores the presumption that parents act in the best interests of their children.' " *R. H.* v. *M. H.*, 219 Conn. App. 716, 771, 296 A.3d 243 (2023) (*Bright, C. J.*, concurring in part and dissenting in part), quoting *Roth* v. *Weston*, 259 Conn. 202, 222, 789 A.2d 431 (2002).

the trial court that he was no longer abusing methamphetamine. See id., 113; see also *Watkins* v. *Lee*, 227 So. 3d 84, 91 (Ala. Civ. App. 2017) (Thomas, J., concurring specially) ("[w]hen [an unsafe environment is] present, it is not a competition between the custodial rights of the respective parents with which the law is concerned; its aim is rather to protect the right of the children to be free from such conditions—an entitlement to which the noncustodial parent's visitation rights must necessarily be subordinated"). I agree that crafting a visitation order that provides a custodial parent with limited discretion to suspend visitation should not be "done lightly" and, therefore, that such an order should be utilized only in extraordinary circumstances. (Internal quotation marks omitted.) *Wigginton* v. *Wigginton*, supra, 112. In the present case, the specific examples of negative emotional and psychological impact on the parties' children (and R, in particular) found by the trial court and discussed in the majority opinion justify the trial court's exercise of its discretion to impose this type of "highly unusual" visitation order. Id.

To the extent that the majority bars orders that allow the limited suspension of visitation by custodial parents, it undercuts its own observations that "[i]t is critically important that our trial judges be afforded broad discretion when crafting visitation orders," " 'that decision-making in family disputes requires flexible, individualized adjudication of the particular facts of each case without the constraint of objective guidelines,' "[2] and that " 'the rights, wishes and desires of the parents must be considered [but] it is nevertheless the ultimate welfare of the child [that] must control the decision of the [trial] court.' "[3] Language to this effect in the majority opinion does not afford trial courts broad discretion or the ability to make flexible, individualized decisions.

---

[2] Quoting *Yontef* v. *Yontef*, 185 Conn. 275, 278, 440 A.2d 899 (1981).

[3] Quoting *Ridgeway* v. *Ridgeway*, 180 Conn. 533, 541, 429 A.2d 801 (1980).

Instead, the majority deprives trial courts of the ability to operate in the gray areas in which a parent may not be statutorily unfit, yet also has a profoundly troubled relationship with his or her minor child. Permitting a custodial parent limited authority over a minor child's visitation with a noncustodial parent preserves the discretion of our trial courts to cautiously foster these relationships in extreme cases such as this one.

Because I would reverse the trial court's order in this case, but do not conclude that a visitation order permitting a custodial parent very limited authority over a minor child's visitation with a noncustodial parent is *always* an improper delegation of the court's judicial authority, I concur in the judgment.